

# CITY OF BUFFALO

## DEPARTMENT OF LAW

# EXHIBIT

# B

STATE OF NEW YORK
SUPREME COURT :        COUNTY OF ERIE

| | |
|---|---|
| AZARIAH BOLDEN, JUAN ANGEL SANTOS, DREUX CARLSON, EVAN JUSTEN, MARIE TAYLOR, AMAE BROWN, KYLE HERBECK, BENJAMIN CAIN, JOSEPH ABRAMS III, | ANSWER WITH JURY DEMAND |
| Plaintiffs, | Index No. 801598/2021 |
| vs. | |
| CITY OF BUFFALO, CITY OF BUFFALO POLICE DEPARTMENT, CITY OF BUFFALO POLICE OFFICER DAWN KENT, CITY OF BUFFALO POLICE OFFICER MICHAEL DELONG, CITY OF BUFFALO POLICE OFFICER MICHAEL MARITATO, CITY OF BUFFALO POLICE OFFICER ZACHARY WILLIAMS, CITY OF BUFFALO POLICE OFFICER STEPHEN SCHULZ, CITY OF BUFFALO POLICE OFFICER KEVIN MURPHY, CITY OF BUFFALO POLICE OFFICER PATRICK MEEGAN, CITY OF BUFFALO POLICE OFFICER JOSEPH BEYER, CITY OF BUFFALO JOHN/JANE DOE(S), | |
| Defendants. | |

The Defendants, CITY OF BUFFALO, BUFFALO POLICE DEPARTMENT, CITY OF BUFFALO POLICE OFFICER DAWN KENT, CITY OF BUFFALO POLICE OFFICER MICHAEL DELONG, CITY OF BUFFALO POLICE OFFICER MICHAEL MARITATO, CITY OF BUFFALO POLICE OFFICER ZACHARY WILLIAMS, CITY OF BUFFALO POLICE OFFICER STEPHEN SCHULZ, CITY OF BUFFALO POLICE OFFICER KEVIN MURPHY, CITY OF BUFFALO POLICE OFFICER PATRICK MEEGAN, CITY OF BUFFALO POLICE OFFICER JOSEPH BEYER, and CITY OF BUFFALO JOHN/JANE DOE(S) (hereinafter "Defendants"), by their undersigned attorney, Maeve E. Huggins, Esq., Assistant Corporation Counsel, *of counsel* to

CITY OF BUFFALO
DEPARTMENT OF LAW
- 1 -

Corporation Counsel of the City of Buffalo, Timothy A. Ball, Esq., for their Answer to the Plaintiffs' Complaint state, upon information and belief:

1. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the paragraphs numbered 1, 2, 3, 4, 5, 6, 7, 8, 9, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 23, 24, 32, 45, 55, 56, 61, and 65 of Plaintiffs' Complaint and respectfully refer all questions of law to the Court.

2. Admit the allegations contained in the paragraph numbered 10 of Plaintiffs' Complaint.

3. With respect to the allegations contained in the paragraph numbered 11 of Plaintiffs' Complaint, admit that the BUFFALO POLICE DEPARTMENT is an administrative arm of the CITY OF BUFFALO, not a separate and distinct legal entity from the CITY OF BUFFALO, but deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained therein.

4. Deny the allegations contained in the paragraphs numbered 22, 25, 26, 27, 28, 29, 30, 31, 33, 44, 46, 48, 49, 51, 52, 54, 57, 58, 60, 62, 64, 66, 68, 69, 71, 72, 73, 75, 76, and 77 of Plaintiffs' Complaint.

5. In responding to the paragraphs numbered 34, 35, 36, 37, 38, 39, 40, 41, and 42 of Plaintiffs' Complaint, admit that the CITY OF BUFFALO is entitled to certain statutory rights and protections under the General Municipal Law of the State of New York, but deny knowledge or information sufficient to form

a belief as to the truth or falsity of the allegations contained in said paragraphs.

6. Admit so much of the allegations contained in the paragraphs numbered 43, 47, 50, 53, 59, 63, 67, 70, and 74 of Plaintiffs' Complaint as are elsewhere herein admitted, and deny so much of the allegations of said paragraphs as are elsewhere herein denied.

7. Deny that Plaintiffs are entitled to the relief requested in the section entitled "PRAYER FOR RELIEF" of Plaintiffs' Complaint.

## GENERAL DENIAL

8. Deny each and every other allegation contained in Plaintiffs' Complaint not hereinbefore specifically admitted, denied, or otherwise controverted.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

9. Upon information and belief, the Complaint, in whole or in part, fails to state a cause of action against the Defendants and must be dismissed.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

10. Plaintiffs' damages, if any, must be reduced in proportion to the culpable conduct of each Plaintiff, pursuant to Article 14-A of the C.P.L.R., if applicable.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

11. Plaintiffs may have failed to comply with the pleadings requirements for suing municipal defendants.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

12. Upon information and belief, the Plaintiffs may have failed to obtain jurisdiction over one or more of the Defendants.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

13. If a release, promise not to sue, or promise not to enforce a judgment is given by any individual Plaintiff to other alleged tortfeasors, its effect shall be governed by N.Y. Gen. Oglig. Law § 15-108, if applicable.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

14. The injuries and/or damages alleged in the Complaint are attributable to the culpable conduct of others over whom the Defendants neither had, nor exercised any control.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

15. Plaintiffs' New York state law derived claims are barred to the extent any were not included in his/her Notice of Claim.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

16. The Complaint is barred, in whole or in part, for failure to comply with a condition precedent to commencement of an action against the Defendants as required by Article Four of the New York State General Municipal Law.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

17. That whatever injuries and/or damages were allegedly sustained by Plaintiffs at the time and place alleged in the Complaint, were in whole or in part a result of the Plaintiffs' own illegal, reckless, negligent, and/or culpable

conduct, provocation, or want of care and/or assumption of risk, in realizing and knowing the hazard and dangers thereof and that they assumed all the risks necessarily incidental to such an undertaking, and without any negligence, fault, or want of care on the part of the Defendants.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

18. The Complaint is barred, in whole or in part, by the doctrines of contributory negligence, culpable conduct, and/or assumption of risk and the relative responsibility and/or culpability of the parties should be apportioned by the Court or jury as to all responsible parties, whether named or unnamed, and the Defendants will further request a judgment or declaration of indemnification or contribution against each and every party or person in accordance with the apportionment of fault.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

19. At all times, the Defendants and/or employees and/or agents, including BUFFALO POLICE DEPARTMENT officers, acted with probable cause, in good faith, reasonably under the totality of the circumstances, and without malice, prejudice, or animus.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

20. Upon information and belief, the Complaint is barred, in whole or in part, upon the grounds of any sovereign, governmental function, discretionary, or qualified immunity available to municipalities and their employees, including but not limited to governmental immunity for alleged errors of

judgment in discretionary decisions and absolute immunity for witness testimony provided at criminal proceedings.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

21. No special relationship existed between the Plaintiffs and the Defendants which would create a special duty. The Complaint is barred in whole or in part, because the Defendants did not owe any specific or special duty beyond what was owed to the public generally.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

22. Upon information and belief, Plaintiffs failed to mitigate injuries and expenses, if any, and all or some of Plaintiffs' past and/or future medical and/or dental expenses and/or loss of income and/or other economic losses have been and/or will, in whole or in part, be replaced, reimbursed, or indemnified by collateral sources and the Court must reduce any recovery by Plaintiffs in accordance with the provisions of C.P.L.R. § 4545, if applicable.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

23. If the Defendants are found liable to the Plaintiffs, their responsibility for the accident is less than fifty-one percent (51%) of the total liability assigned to all persons liable and, therefore, any recovery by Plaintiffs for non-economic losses against the Defendants should be limited to their percentage liability pursuant to C.P.L.R. § 1601, if applicable.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

24. Upon information and belief, the actions of the Defendants, including but not limited to their employees, officers, and/or agents, were objectively reasonable under the totality of circumstances. Upon information and belief, the Complaint is barred, in whole or in part, upon the grounds that the Defendants exercised their professional judgment under the circumstances, and therefore, their actions are cloaked with immunity.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

25. Upon information and belief, the Complaint is barred, in whole or in part, on the grounds that the actions of the Defendants did not violate any of the Plaintiffs' Constitutional rights.

### AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

26. Upon information and belief, the arrest, detention, search, seizure, and/or prosecution of Plaintiffs, if any such arrest, detention, search, seizure, and/or prosecution occurred, was based on probable and/or "arguable probable cause".

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

27. Upon information and belief, the Complaint is barred, in whole or in part, by the doctrines of collateral estoppel and/or res judicata.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

28. The BUFFALO POLICE DEPARTMENT is not a proper party because it is an administrative department of the CITY OF BUFFALO, not a separate and distinct legal entity capable of being sued.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

29. Upon information and belief, any restriction on Plaintiffs' speech, if any, was content neutral.

### AS AND FOR A TWENTY-SECOND DEFENSE:

30. Upon information and belief, any restriction on Plaintiffs' speech, if any, was narrowly tailored to serve a significant governmental interest. Alternately, any restriction, if any, was necessary to serve a compelling governmental interest and narrowly drawn to achieve that interest.

### JURY DEMAND

31. The Defendants demand a jury trial of all claims.

### PRAYER FOR RELIEF

**WHEREFORE**, the Defendants demand judgment dismissing the Plaintiffs' Complaint herein, in whole or in part, or reducing the recovery in accordance with the defenses set forth herein, together with the costs and disbursements of this Action, and for such other and further relief as to this Court may deem just and proper.

Dated: Buffalo, New York
March 1, 2021

                                        Timothy A. Ball, Esq.
                                        Corporation Counsel

                                        *s/Maeve E. Huggins*
                                        By: Maeve E. Huggins
                                        Assistant Corporation Counsel
                                        City of Buffalo, New York
                                        65 Niagara Square
                                        1112 City Hall
                                        Buffalo, New York 14202
                                        (716) 851-4317

TO: Brittany L. Penberthy, Esq.
VANDETTE PENBERTHY LLP
Attorneys for Plaintiff
227 Niagara Street
Buffalo, New York 14201